[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15972
Non-Argument Calendar
_____

BIA Nos. A78-603-218 & A78-603-219

DANIEL ALBERTO YERFINO,
PATRICIA CRISTINA CANO,
EMILIANO MARTIN YERFINO,
JUAN CRUZ YERFINO,
JUAN PABLO YERFINO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 16, 2007)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

The question this petition for review presents is whether substantial evidence supports the Board of Immigration Appeals ("BIA") determination that Petitioner Yerfino[1] failed to demonstrate his entitlement to asylum.[2] Petitioner contends that the BIA erred in finding that he failed to establish past persecution or a well-founded fear of future persecution based upon a statutorily protected ground. He asserts that he is a member of the social group of "individuals who are opposed to governmental corruption" and that opposition to government corruption constitutes a political opinion under the Immigration and Nationality Act ("INA").

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not adopt the IJ's decision; hence, our review is of its decision. To the extent that the BIA's decision was based upon a legal determination, we review de novo. See Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we must

---

[1] Petitioner Yerfino's petition is derivative on behalf of his wife, Patricia Cristina Cano, and his minor children, Emiliano Martin, Juan Cruz, and Juan Pablo Yerfino. We therefore refer to them collectively as "Petitioner."

[2] The BIA also determined that Petitioners failed to make out a case for withholding of removal under the Immigration and Nationality Act or relief under the U.N. Convention Against Torture ("CAT"). Petitioners' brief contains no argument regarding the denial of CAT relief and only cites to one case and provides no argument as to the denial of withholding of removal. Petitioners have therefore abandoned any challenge they may have regarding such denials. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

affirm the BIA's decision "if it is supported by reasonable, substantial and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (citation omitted); Antipova v. United States Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). "To reverse the [BIA]'s fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). The burden of proof is on the alien to establish that she is a refugee by offering "credible, direct, and specific evidence in the record." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

3

As a threshold matter, the BIA "must make clean determinations of credibility." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Here, the BIA found that Petitioner Yerfino was credible, and the Government does not contest that finding.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground country-wide in his country. Id. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. Regarding a subjective fear's objective reasonableness, "so long as an objective situation is

4

established by the evidence, it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility." Cardoza-Fonseca v. INS, 480 U.S. 421, 440, 107 S.Ct. 1207, 1217, 94 L.Ed.2d 434 (1987). To determine whether a future threat is country-wide, the IJ considers whether "under all the circumstances it would be reasonable to expect the applicant to [relocate]." 8 C.F.R. § 1208.13(b)(2)(ii).

"An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well founded fear' of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (citations omitted). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." Id. at 1287 (internal quotation and citation omitted) (emphasis in original). "[T]he alien does not need to prove that he or she would be 'singled out' for persecution if (1) there is a 'pattern or practice of persecution' against similarly situated individuals and (2) his or her inclusion within that group of individuals makes fear of persecution reasonable." See 8 C.F.R. 208.13(b)(2)(iii).

"Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). "'Persecution' requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical

5

punishment, infliction of harm, or significant deprivation of liberty." Id. (citing

Mikhailevitch v. INS, 146 F.3d 384, 390 (6th Cir. 1998) (persuasive authority)).

Further, it is insufficient to show that an alien holds a political opinion; rather, he

must show he was persecuted because of that opinion. INS v. Elias-Zacarias, 502

U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). Where the perpetrator

of violence against a petitioner was unidentified, we have held that there was an

absence of the necessary nexus between the alleged persecution and the alleged

political opinion, which did not compel the conclusion that the threats were

politically motivated. See Silva v. United States Att'y Gen., 448 F.3d 1229, 1239

(11th Cir. 2006); Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231-32

(11th Cir. 2005).

It is questionable whether Yerfino experienced persecution because of a

statutorily protected factor. We give him the benefit of the doubt because the

persecution he says he experienced – the threats he received – do not rise to the

level of past persecution or a well-founded fear of future persecution, as defined

above.

Substantial evidence supports the BIA's decision that Yerfino was not

entitled to asylum. The record does not demonstrate any specific, detailed

evidence regarding his past persecution or a well-founded fear of persecution that

would compel reversal. Al Najjar, 257 F.3d at 1287. The persecution consisted of

6

telephonic threats by unidentified callers, attempted entries into his house, surveillance of his home and office by cars with tinted windows, encounters by him in his car and by his son on his bicycle with cars with tinted windows that forced them off of the road, and the burning of his "floating stage." Any threats he received, which he did not specify, were never carried out, and neither he nor his family were physically harmed. See Gonzales, 212 F.3d at 1355. Moreover, the necessary nexus between the perpetrators' actions and his political opinion, imputed political opinion, or membership in a particular social group is absent. He was unable to identify, by appearance, voice, or the perpetrators' self-identification, any person associated with the Justicialista Peronista Party or with Giordano as a perpetrator of the incidents he recounts. See Silva, 448 F.3d at 1239; Sepulveda, 401 F.3d at 1231-32. Additionally, as for establishing a well-founded fear of future persecution, the record includes no evidence that, if it had been the Justicialista Peronista Party or Giordano's supporters who had harassed him, they would continue to target him after he has spent more than seven years away from Argentina.

In sum, Petitioners failed to make out a case for asylum.

**PETITION DENIED.**